## METAL STAMPING CO. v. GERHAB.

(Circuit Court of Appeals, Third Circuit. February 4, 1913.)

No. 1,516, October Term, 1912.

PATENTS (§ 328*)—INFRINGEMENT—THILL COUPLING.

The Worrèst patent, No. 662,050, for a thill coupling, must be confined to the narrow limits of the precise device disclosed, which includes a flat curved spring as a part of the mechanism for automatically taking up the wear of the bolt coupling. As so construed, the patent is not infringed by the device of the Bradley patent, No. 838,767.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; James B. Holland, Judge.

Suit by the Metal Stamping Company against Lena Gerhab, doing business under the name of Jacob Gerhab. Decree for .defendant, and complainant appeals. Affirmed.

For opinion below, see 180 Fed. 112.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wm. A. Megrath, of New York City, for appellant.

Howard P. Denison, of Syracuse, N. Y., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Metal Stamping Company, owner of patent No. 662,050, granted November 20, 1900, to Alfred H. Worrest, for an improvement in thill couplings, charged defendant with infringing claims 2, 3, and 6 thereof. On final hearing that court, in an opinion reported at (C. C.) 180 Fed. 112, found defendant had not infringed. From a decree dismissing its bill complainant appealed.

As the opinion referred to enters fully into the details of the patent and the prior art, we limit ourselves to stating the conclusions to which a study of this case has led. Both the patent in suit and the patent to Bradley, No. 838,767, under which defendant justifies, which avers that its invention, "is very similar to Worrest, No. 662,050, November 20, 1900, in which a bow-spring link is used," are restricted to a very narrow field. Without entering upon the question of the patentable character of the devices of either, it is evident that the claims of the patent here in suit must be confined to the narrow limits of the precise device disclosed by the patentee. His disclosure was of a thill coupling which automatically takes up the wear of the bolt coupling, a vehicle axle and a thill. And, omitting a discussion of details, it suffices to say that the wear-controlling element in the device is a flat, curved spring. The specifications and drawings show, not only that such a flat, curved spring, and no other, was disclosed by the patentee, but that the co-operating element of the device, viz., a link-shaped lever, is specially adapted to rest on and adjust itself to such a spring. It is urged that the peculiar tension to which a flat curved spring was subjected in the working of this device made it give way in continuous service, and that the device itself proved inoperative in practical use. Indeed, the court below so found. But without going to that extent, or entering on that question, it suffices to say the claims must be restricted to the flat curved spring of the disclosure.

So construed, it follows that defendant's device, the spring of which is not of that type, does not infringe. The decree of the court below is affirmed.